IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE LEE WADE,<br><br>        Plaintiff,<br><br>vs.<br><br>TECUMSEH STATE CORRECTIONAL INSTITUTION,<br><br>        Defendant. | 4:17CV3002<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on January 9, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner at Tecumseh State Correctional Institution ("TSCI"). (Filing No. 1.) He names TSCI as the sole defendant in his Complaint. (*Id*. at CM/ECF p. 2.)

On September 12, 2016, Plaintiff hit his head on the floor while suffering from a seizure. (*Id*. at CM/ECF p. 17.) Plaintiff alleges that staff allowed inmates to move his head without medical assistance while Plaintiff was unconscious. (*Id*. at CM/ECF pp. 17-18.) He asserts that, when medical personnel arrived twenty minutes later, they made him stand to lay on the stretcher and failed to secure his head and neck. (*Id*. at CM/ECF p. 18.) Plaintiff alleges that it was another twenty minutes after his arrival at the medical department before anyone saw him. (*Id*. at CM/ECF p. 19.) He states that he was made to stand and walk to the x-ray room, where he had another seizure. (*Id.*) He alleges that he had to put himself on the

stretcher again. (*Id*.) At this point, Dr. Damme called for an ambulance. (*Id*.) Plaintiff alleges that he suffers from constant neck pain and severe headaches. (*Id*. at CM/ECF pp. 18-19.) He seeks $200,000 in monetary damages. (*Id*. at CM/ECF p. 20.)

## II. APPLICABLE STANDARDS OF REVIEW ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff sues TSCI, a state instrumentality. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity. Accordingly, Plaintiff's claims against TSCI are barred by the Eleventh Amendment.

On its own motion, the court will allow Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff must identify personal involvement or responsibility by a named individual for the constitutional violations. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). Plaintiff should be mindful to identify the defendants and explain

3

what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated.

In drafting his amended complaint, Plaintiff should note that, to prevail on an Eighth Amendment claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. This means Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). Allegations suggesting that staff acted negligently are insufficient to support an Eighth Amendment claim. *See Estelle, supra* (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation). Moreover, a supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a *respondeat superior* theory. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). Rather, a supervisor's liability arises if "a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (1996). Such a claim "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.*

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary relief against TSCI are dismissed as barred by the Eleventh Amendment.

2. Plaintiff shall file an amended complaint by **April 21, 2017**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing

this case without further notice to Plaintiff. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint**.

3. The clerk of the court is directed to send a "Complaint for Violation of Civil Rights (Prisoner)" to Plaintiff with a copy of this Memorandum and Order.

4. The clerk of the court is directed to set a pro se case management deadline using the following text: **April 21, 2017**, check for amended complaint.

Dated this 22nd day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
