IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE LEE WADE,<br><br>    Plaintiff,<br><br>vs.<br><br>TECUMSEH STATE CORRECTIONAL INSTITUTION, JANE DOE NO. 1, JOHN DOE NO. 2, JOHN DOE NO. 3, JOHN DOE NO. 4, JOHN DOE NO. 5, JANE DOE NO. 6, and JOHN DOE NO. 7,<br><br>    Defendants. | 4:17CV3002<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff filed a Complaint on January 9, 2017. ([Filing No. 1](#).) He was given leave to proceed in forma pauperis. ([Filing No. 6](#).) On March 22, 2017, the court dismissed Plaintiff's claims against the sole Defendant, Tecumseh State Correctional Institution ("TSCI"), as barred by the Eleventh Amendment and ordered Plaintiff to file an amended complaint. ([Filing No. 7](#).) The court informed Plaintiff that, in an amended complaint:

> [he] must identify personal involvement or responsibility by a named individual for the constitutional violations. *See [Ellis v. Norris](#)*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also [Martin v. Sargent](#)*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). Plaintiff should be mindful to identify the defendants and explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated.

*Id*. Now, the court conducts review of Plaintiff's Amended Complaint ([Filing No. 10](#)).

Plaintiff's Amended Complaint continues to fail to state a claim upon which relief may be granted. Plaintiff alleges that seven John and Jane Does, comprised of corrections staff and medical personnel employed at TSCI, were deliberately indifferent to his serious medical needs after he fell and hit his head on the floor during a seizure. He seeks solely monetary damages against John and Jane Does. However, Plaintiff did not specify the capacity in which the individual defendants are sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *[Johnson v. Outboard Marine Corp.](#)*, [172 F.3d 531, 535 (8th Cir. 1999)](#). Plaintiff's claims against John and Jane Does, purported employees of TSCI, in their official capacities under § 1983 solely for monetary relief are barred by the Eleventh Amendment. *[Id.](#)* ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). *See, e.g.*, *[Egerdahl v. Hibbing Cmty. Coll.](#)*, [72 F.3d 615, 619 (8th Cir. 1995)](#); *[Dover Elevator Co. v. Arkansas State Univ.](#)*, [64 F.3d 442, 446-47 (8th Cir. 1995)](#). These claims will be dismissed. The court notes that, at the court's direction, the clerk of the court previously sent Plaintiff a complaint form (*see* [Filing No. 7](#)), which allowed Plaintiff to clearly designate the capacity in which he brings his complaint against each Defendant. Plaintiff opted not to utilize that form.

Furthermore, Plaintiff did not follow the court's order and identify personal involvement or responsibility by a named individual. The court has carefully reviewed Plaintiff's attachments. It appears that CM Barker is "Jane Doe No. 1," who allegedly allowed inmates to move Plaintiff's head without medical assistance. (*See* [Filing No. 10 at CM/ECF 5](#).) Assuming that Plaintiff "expressly and unambiguously" states in a second amended complaint that he sues CM Barker in her individual capacity, his Eighth Amendment claim for deliberate indifference to his serious medical needs will be allowed to proceed to service of process

against her. The claim will also proceed to service of process against any of the John Does present with CM Barker before medical personnel arrived if (1) Plaintiff identifies John Does in a second amended complaint, and (2) "expressly and unambiguously" states that he sues them in their individual capacities.

In addition, and irrespective of capacity status, the court finds that Plaintiff fails to state a claim against medical personnel, including Dr. Damme. Plaintiff alleges that medical personnel failed to use a neck brace or back board; made him stand to get on the stretcher; and made him walk to the x-ray room across the hall. He also alleges that they were slow to the scene and to examine him. While Plaintiff's allegations against medical personnel may be enough to state a plausible claim for negligence or medical malpractice, they are not enough to state a plausible claim for deliberate indifference in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation). Moreover, to the extent Plaintiff attempts to allege a failure-to-train claim against TSCI, Plaintiff continues to fail to allege that any "supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). The court advised Plaintiff of these same propositions of law in its previous order (*see* Filing No. 7). These claims will be dismissed.

On its own motion, the court will allow Plaintiff an opportunity to file a second amended complaint that: (1) identifies the John Does present with CM Barker before medical personnel arrived, and (2) states in which capacity Plaintiff sues them and CM Barker. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Because the court has already granted Plaintiff 120 days to file an amended complaint, Plaintiff shall file a second amended complaint no later than **August 22, 2017**, correcting the aforementioned deficiencies. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. **In his second amended complaint, Plaintiff must identify the John Does present with CM Barker before his claims against them can proceed to service of process, or he must identify the reasonable steps he took to identify them. Failure to do so will result in dismissal of the claims against the John Does without prejudice and without further notice.**

3. Plaintiff's claims for monetary damages against John and Jane Does in their official capacities are dismissed as barred by the Eleventh Amendment.

4. Plaintiff's Eighth Amendment deliberate indifference claims for monetary damages against John and Jane Does, not identified as CM Barker or the John Does present with her before medical personnel arrived, are dismissed with prejudice for failure to state a claim upon which relief may be granted. To the extent Plaintiff attempts to allege a failure-to-train claim against TSCI, it too is dismissed with prejudice for failure to state a claim.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: **August 22, 2017**: check for second amended complaint.

Dated this 8th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge